UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy No. 03-30944-ABC |
| Reliable Air Freight, Inc, ) | |
| ) | Chapter 7 |
|     Debtor ) | |
| ) | |
| _____ | |
| ) | |
| Jeffrey Hill, Chapter 7 Trustee, ) | |
|     Plaintiff ) | ADV. PROC. NO. |
| ) | |
|     v. ) | |
| ) | |
| RAF Freight, LLC, ) | |
| Dave Neill, ) | |
| Morrison Express Corp. ) | |
|     Defendants. ) | |

_____
**COMPLAINT TO AVOID AND RECOVER TRANSFERS AND FOR TURNOVER**
_____

Plaintiff, Jeffrey Hill, in his capacity as Chapter 7 Trustee in the above-captioned bankruptcy case ("Plaintiff"), through counsel, Long and Long, P.C., hereby complains against the Defendants RAF Freight, LLC, Dave Neill, and Morrison Express Corp. for recovery of preferential transfers as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Reliable Air Freight, Inc. ("Debtor") commenced this bankruptcy case on October 20, 2003 by filing a voluntary Chapter 7.

2. Plaintiff is the duly appointed Chapter 7 Trustee in the above referenced bankruptcy case.

3. Defendant RAF Freight, LLC ("RAF") is a limited liability company with principal offices at 2000 Hughes Way, El Segundo, California 90245 and a listed creditor in this bankruptcy proceeding. RAF is the one hundred percent shareholder of the Debtor. RAF is an insider of the Debtor.

4. Defendant Dave Neill ("Neill") is an individual Colorado resident with a last known office address of 6750 East 46th Avenue Drive, Denver, CO 80216, and unknown residential address, who was an officer of Debtor, and is a member of RAF. Neill is an insider of the Debtor.

5. Defendant Morrison Express Corp. ("Morrison") is a California corporation with principal offices located at 6750 East 46th Avenue Drive, Denver, Colorado 80216 whose registered agent street address is CT Corporation, 1675 Broadway, Ste 1200, Denver, CO 80202, and whose registered mailing address is 818 West Seventh Street, Team 1, Los Angeles, CA 90017. Morrison is an insider of the Debtor.

6. This court has jurisdiction of this Adversary Proceeding under Fed. R. Bnk. P. 7001, 11 U.S.C. §§ 547, 548, and 550 and 28 U.S.C. §§1334 and 157(a).This is a core proceeding pursuant to 28 U.S.C.§157(b)(2)(A),(E), (F), and (H).

7. Plaintiff seeks the remedies set forth herein pursuant to 11 U.S.C. §§ 547, 548 and 550.

8. Venue is proper in this Court under 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

9. Upon information and belief, there was a transfer of an interest of the Debtor in its personal property when the Debtor paid the Defendants $10,000.00 on September 10, 2003, the "Transfer."

## FIRST CLAIM FOR RELIEF
### (Preferential Transfer under Bankruptcy Code § 547(b))

10. Plaintiff hereby incorporates all other allegations set forth in this Complaint into his First Claim for Relief.

11. The Transfer was made within ninety days before the commencement of Debtor's Chapter 7 bankruptcy case and the Defendants were insiders.

12. The Transfer constituted a transfer of an interest in property of the Debtor.

13. The Transfer was made to or for the benefit of Defendants.

14.     The Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendants before each such Transfer was made.

15.     The Transfer was made while Debtor was insolvent.

16.     The Transfer enabled Defendants to receive more than Defendants would have received in this Chapter 7 case, if the Transfer had not been made, and the Defendants received payment of such debt to the extent provided under the provisions of Title 11.

17.     Accordingly, the Transfer is avoidable under 11 U.S.C. § 547(b).

18.     Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Transfers from Defendants.

19.     Plaintiff is entitled to interest at the statutory rate from the date this Complaint is filed on the amount of the Transfer or such other amount as determined by the Court.

### SECOND CLAIM FOR RELIEF
### (Fraudulent Transfer under Bankruptcy Code § 548)

20.     Plaintiff hereby incorporates all other allegations set forth in this Complaint into his Second Claim for Relief.

21.     The Transfer was made within one year before the commencement of Debtor's Chapter 7 bankruptcy case.

22.     The Debtor did not receive reasonably equivalent value in exchange for the Transfer.

23.     The Transfer was made while the Debtor was insolvent.

24.     Accordingly, the Transfer is avoidable under 11 U.S.C. § 548.

25.     Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Transfer from Defendants.

26.     Plaintiff is entitled to interest at the statutory rate from the date this Complaint is filed on the amount of the Transfer or such other amount as determined by the Court.

WHEREFORE, Plaintiff, Jeffrey Hill, Chapter 7 Trustee, prays for judgment in his favor and against Defendants as follows:

A.      For a determination that the Transfer was a preferential transfer under Bankruptcy

Code § 547(b) or, in the alternative, that the Transfer was fraudulent under Bankruptcy Code § 548;

      B.     For a money judgment against Defendants, jointly and severally, in the amount of the Transfer, plus interest from the date this Complaint is filed in the maximum allowable rate until paid in full; and

      C.     For recovery of the transferred property; and,

      D.     For such other and further relief as this Court deems just, appropriate and permitted by law.

DATED this 18th day of October, 2005

                      Respectfully submitted,

                      <u>/s/ Martin E. Long, Esq.</u>
                      Martin E. Long, Esq. #12855
                      LONG & LONG, P.C.
                      303 East Seventeenth Avenue
                      Suite 800
                      Denver, Colorado 80203
                      (303)832-2655 / fax (303)830-6708

**Local Bankruptcy Form 102.2 Cover Sheet**

| Adversary Proceeding Cover Sheet | Adversary Proceeding Number (Court Use Only) |
|---|---|
| Plaintiffs<br>**Jeffrey Hill, Trustee** | Defendants<br>**RAF Freight, LLC, Dave Neill, Morrison Express Corp.** |
| Attorneys (Firm Name, Address, & Telephone):<br>**Martin Long**<br>**Long & Long, P.C.**<br>**303 E. 17th Ave, Ste 800**<br>**Denver, CO 80203**<br>**303-832-2655** | No Attorney: [ ] |

| Party (check one box only): [ ]1. U.S. Plaintiff, [ ] 2. U.S. Defendant, **[X]** 3. U.S. Not a Party |
|---|
| Cause of Action (write a brief statement of cause of action, including all U.S. statutes involved):<br>**Preferences, 11 U.S.C. §§ 541, 548, 550, 28 U.S.C. §§ 1334, 157** |
| Nature of Suit (check only the one most appropriate box) |
| [ ] 424 Object to or revoke a discharge 11 U.S.C. ' 727<br>[ ] 426 Determine the dischargeability of a debt 11 U.S.C. ' 523<br>[ ] 434 Obtain an injunction or other equitable relief<br>[ ] 435 Determine Validity, Priority, or Extent of a Lien or Other Interest in Property<br>**[X]** 454 Recover Money or Property<br>[ ] 455 Revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan<br>[ ] 456 Obtain a declatory judgment relating to any of the foregoing causes of action<br>[ ] 457 Subordinate any allowed claim or interest except where such subordination is provided in a plan<br>[ ] 458 Obtain approval for the sale of both the interest of the estate and of a co-owner in property<br>[ ] 459 Determine a claim or cause of action removed to a bankruptcy court<br>[ ] 498 Other (Specify) |

| Origin of Proceedings (check one box only): 1. **[X]** Original; 2. [ ] Removed; 4. [ ] Reinstated or Reopened; 5. [ ] Transferred from Another Bankruptcy Court | [ ] Check if this is a class action F.R.Civ.P. 23 |
|---|---|

| Demand | Nearest Thousand<br>$10,000.00 | Other Relief Sought | [ ] Jury Demand |
|---|---|---|---|

| Bankruptcy Case In Which This Adversary Proceeding Arises |||
|---|---|---|
| Name of Debtor(s)<br>**Reliable Air Freight, Inc.** || Bankruptcy Case No.<br>**03-30944 ABC** |
| District in Which Case is Pending<br>**Colorado** | Divisional Office<br>**Denver** | Name of Judge<br>**Judge Campbell** |

| Related Adversary Proceeding (if any) |||
|---|---|---|
| Plaintiff | Defendant | Adversary Proceeding No. |
| District in which Case is Pending | Divisional Office | Name of Judge |

| Filing Fee (check one box only): [ ] Fee attached; **[X]** Fee not required; [ ] Fee is deferred |||
|---|---|---|
| Date<br>**10/19/05** | Name(print)<br>**Martin E. Long** | Signature of Attorney( or Plaintiff)<br>**/s/ Martin E. Long** |